UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

EIRINI ZAGKLARA, )
 )
      Plaintiff )
 )
v. ) No. 2:10-cv-445-JAW
 )
SPRAGUE ENERGY CORP., )
 )
      Defendant and Third-Party )
      Plaintiff, )
v. )
 )
LEOPARD SHIPPING, et al., )
 )
      Third-Party Defendants )

### MEMORANDUM DECISION ON MOTION TO QUASH SUBPOENA

Leonard Langer, Esq., moves pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii) to quash a subpoena served on him in this action by the plaintiff, contending that it requires him to disclose privileged or otherwise protected information. The subpoena is Exhibit A to the motion. Docket No. 21-1. The plaintiff opposes the motion. I grant the motion.

**Factual Background**

Attorney Langer presents the following factual background, which is not disputed by the parties.

Attorney Langer was retained on or about October 10, 2008, by Skuld North America, Inc., a mutual insurance club, on behalf of an unidentified member of the club, in connection with a serious injury sustained by Ioannis Zagklaras on board the *M/V Calypso N.* Motion to

1

Quash Subpoena ("Motion") (Docket No. 21) at 2. At the time of the injury, the *M/V Calypso N* was berthed at the Sprague Energy facility in Portland, Maine. *Id*. The injury was alleged to have involved equipment known as a deck arrangement, which was used to facilitate the unloading of the ship. At the request of Skuld, Attorney Langer arranged, in early November 2008, for Captain Tate Austin of Norfolk Maritime Surveyors, Inc., in Virginia Beach, Virginia, where the deck arrangement had been moved, to survey the deck arrangement. *Id*. The survey took place on November 6, 2008, and Captain Austin send a report of the survey, dated February 6, 2009, to Attorney Langer, who then forwarded it to a claims adjuster at Skuld. *Id*.

Ioannis Zagklaras passed away, allegedly from his injuries, in March, 2009. *Id*. In early April 2009, Attorney Langer was informed by Carolyn Latti, Esq., of the firm Latti & Anderson, P.A., in Boston, Massachusetts, that her office had been retained to represent the estate of Mr. Zagklaras. *Id*.

In September 2010, Latti & Anderson filed this action in the Maine Superior Court (Cumberland County) against Sprague Energy, which removed the action to this court and brought third-party claims against several entities. Docket Nos. 17 & 18. On February 24, 2011, David Berg, Esq., of Latti & Anderson called Attorney Langer and asked for a copy of the Austin report. Motion at 3. Attorney Langer responded that the report constituted work product and/or had been prepared in anticipation of litigation but that he would contact Skuld for possible permission to provide the report to Attorney Berg. *Id*.

Skuld advised Attorney Langer that they had no authority to grant or deny permission to provide the report. *Id*. He was directed to contact either Armada (Singapore), Pte Ltd., or Armada (Greece), Ltd. for a decision on the question. *Id*. Attorney Langer contacted a representative of Armada (Singapore) who referred him to Armada (Greece). *Id*. He has been

informed that Armada (Greece) has been liquidated and that there is no one there who could respond to his inquiry. *Id*.

## Discussion

### A. The Work Product Doctrine

Federal Rule of Civil Procedure 45(c)(3)(A)(iii), which is invoked by Attorney Langer, provides: "On timely motion, the issuing court must quash or modify a subpoena that: . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" The plaintiff does not dispute that the report might be privileged or protected under certain circumstances. Rather, she contends that the report is not protected from discovery in this action because it was not prepared for a party to this action. Opposition to Motion to Quash ("Opposition") (Docket No. 22) at 3-4.

The case law cited by the plaintiff, all from other jurisdictions, does include statements to the effect that the work product doctrine[1] does not protect documents prepared for entities that are not parties to the action in which the protection of that doctrine is invoked. *In re Grand Jury Subpoena*, 220 F.R.D. 130, 144 (D. Mass. 2004) ("The Court notes, however, that courts typically do not extend protection to documents prepared by non-parties or their agents."); *In re Subpoena Served on the California Pub. Util. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989) ("Although some courts have extended the work product privilege outside the literal bounds of the rule, we conclude that the rule, on its face, limits its protection to one who is a party (or a party's representative) to the litigation in which discovery is sought."); *Gomez v. City of Nashua*, 126 F.R.D. 432, 434 n.1 (D.N.H. 1989) ("The literal language of [Rule 26(b)(3)] renders the

---

[1] "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A); *see also Maine v. United States Dep't of Interior*, 298 F.3d 60, 66 (1st Cir. 2002).

3

privilege inapplicable in the instant case because the rule applies only to documents which are prepared in anticipation of trial 'by or for another party or by or for that other party's representative. . . .").

Assuming *arguendo* that this court or the First Circuit would adopt this interpretation of the scope of the doctrine, the plaintiff has not established that Armada (Greece), which, from all that appears in the record, must be the member of Skuld for which the Austin report was prepared, is not and will not be a party to this case. True, the docket does not currently reflect service of process on Armada (Greece), which defendant Sprague Energy Corporation intends to bring into this case as a third-party defendant, Third Party Complaint (Docket No. 16) ¶ 6, but, again from all that appears, Sprague continues to attempt to serve Armada (Greece). Third Party Plaintiff Sprague Energy Corp.'s Reply to Attorney Leonard W. Langer's Motion to Quash Subpoena (Docket No. 23) at 2 ("[W]e have set that process in motion by retaining a firm that specializes in having complaints and service of process prepared on foreign entities under the Hague Convention. This process is very time consuming[.]").[2]

To interpret the work-product doctrine as the plaintiff urges would be to open a way around the rule that would essentially vitiate it. Whenever multiple individuals or entities might be liable for a plaintiff's injury, the plaintiff could sue only one and immediately subpoena a report prepared for another potentially-liable party. After obtaining the report, the plaintiff could then amend his or her complaint to add that party as a defendant. That possibility is not one that would be countenanced by any court interpreting the work product doctrine or Rule 26(b)(3).

---

[2] Today, an order to show cause has issued from this court with respect to service of the third-party complaint. If good cause for the delay in service is not demonstrated by June 9, 2011, the third-party complaint will be dismissed. Order to Show Cause (Docket No. 25). I assume that Sprague will respond to the order, but the question of whether Armada (Greece) will be a party to this action will not necessarily be resolved at that time.

Unless and until it is clearly shown that Armada (Greece) is not and cannot be made a party to this case, the plaintiff's argument is premature.

### B. Substantial Need

In the alternative, the plaintiff contends that she has substantial need for the report to prepare her case and cannot obtain its substantial equivalent by other means without undue hardship. Opposition at 5. This argument invokes the exception to Rule 26(b)(3)(A) that provides: "But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."

The plaintiff asserts that "[i]t is likely that the power pack [another name for the deck arrangement] is no longer in this country as the Armada Group has dissolved." Opposition at 5. Therefore, she contends, Captain Austin "appears to be the only person whom the Plaintiff can locate who can identify the power pack and who has any information at all on the power pack's condition after the accident." *Id*. She asserts, without citation to authority, that, if the report is considered work product under Rule 26 or common law, then "it is still work product if obtained from [Captain] Austin." *Id*. at 6. Attorney Langer does not take issue with any of these factual or legal conclusions. Reply Memorandum in Support of Motion to Quash ("Reply") (Docket No. 24) at 1-4. He asserts, also in conclusory fashion, that "it is clear that Plaintiff can just as easily serve a subpoena on Skuld or on Capt. Austin in order to procure the report[.]" *Id*. at 3.

However, it is evident from Attorney Langer's own submission that service of a subpoena on Skuld would not result in production of the report, at least not without resort to additional court proceedings. Motion at 2-3. As to Captain Austin, it is not likely that Attorney Langer

would have standing to quash a subpoena served on Austin, assuming that Langer were even made aware of it, and the court will not speculate about what Austin might or might not do.

Given this state of affairs, I conclude that the plaintiff has not established that she cannot obtain the report by other means without undue hardship.  Missing from her submission is any information of evidentiary quality to support her speculation that the deck arrangement that was involved in the accident two-and-a-half years ago has been destroyed or modified, has disappeared, or cannot be found, and any discussion of, or legal authority to support, her assertion that, if the report is work product as to Attorney Langer, Captain Austin is automatically precluded from providing it in response to a subpoena directed to him.  In addition, as I noted earlier, the question of whether Armada (Greece) will become a party to this action is still unresolved, and that may well have some bearing on any attempt to obtain the report from Captain Austin.  The plaintiff has not suggested that she is entitled to have the report immediately, rather than after this threshold question has been resolved.

## Conclusion

For the foregoing reasons, and on the showing made, the motion to quash the subpoena served on Leonard Langer, Esq., is **GRANTED**.

Dated this 26th day of May, 2011.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge