UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

EIRINI ZAGKLARA, )
 )
    *Plaintiff* )
 )
v. ) No. 2:10-cv-445-JAW
 )
SPRAGUE ENERGY CORP., )
 )
    *Defendant* )

## ORDER ON MOTION TO COMPEL PRODUCTION

In accordance with my Report of Hearing and Order dated June 20, 2011 (Docket No. 37, at 3, 4, and 5), counsel for the defendant has submitted to the court for *in camera* review an undated and unaddressed one-page document which he represents is the document listed as number 9 on the defendant's privilege log. Because I conclude that neither the attorney-client privilege nor the work product doctrine applies, I now order that the defendant provide a copy of the document to the plaintiff.

A copy of the defendant's privilege log was provided to the court in connection with the telephone discovery conference held on June 17, 2010, that is memorialized in my June 20 order. The entry on the privilege log with respect to the document at issue provides, in its entirety: "9[.] Undated e-mail sent to Sprague's operations officers at [the] request of Sprague's general counsel days after the accident[.]" Sprague asserted both the attorney-client privilege and the doctrine of work product protection as the bases for withholding this document. Sprague Energy Corp.'s Objections and Responses to Plaintiffs' Request for Production of Documents at 14

(Request No. 21). The author of the document at issue, Peter Frye, is identified as the defendant's terminal manager and is not, from all that appears, an attorney.

By the terms of the privilege log, the document was created by Frye and sent to the defendant's "operations officers." While the document, an e-mail, was "sent . . . at [the] request of Sprague's general counsel," it was not sent to a lawyer for the defendant. Accordingly, it does not appear to come within the scope of protection offered by the applicable attorney-client privilege, which provides, in relevant part:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between the client or the client's representative and the client's lawyer or the lawyer's representative, or (2) between the lawyer and the lawyer's representative, or . . . (4) between representatives of the client or between the client and a representative of the client[.]

Maine Rule of Evidence 502(b).

Work product protection extends "to documents and other tangible things that are prepared in anticipation of litigation or for trial." *United States v. Textron Inc. & Subsidiaries*, 577 F.3d 21, 27 (1st Cir. 2009) (citation and internal quotation marks omitted). "It is not enough to trigger work product protection that the *subject matter* of a document relates to a subject that might conceivably be litigated." *Id*. at 29 (emphasis in original). "It is only work done in anticipation of or for trial that is protected." *Id*. at 30. Even if prepared by lawyers and reflecting legal thinking, "materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by [work product protection]." *Id*. (citation and internal punctuation omitted).

Here, from all that appears, the document at issue was not created in anticipation of or for trial, but rather in the ordinary course of business, only "days after the accident." We know only that it was sent to some of the defendant's employees by another employee at the request of the defendant's general counsel and that it is a summary of the sender's involvement in the accident at issue in the current litigation. There has been no showing by the defendant that the author of the document anticipated litigation at the time that the document was created, or would not have created the document in essentially the same way had the prospect of litigation not existed, *Weber v. Paduano*, No. 02 Civ. 3392(GEL), 2003 WL 161340, at *4 (S.D.N.Y. Jan. 22, 2003), much less a showing that such a subjective belief was objectively reasonable. *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998). The court cannot assume that the circumstances described by the defendant here necessarily establish that the e-mail itself was prepared in anticipation of trial.

The defendant is, therefore, **ORDERED** to provide the plaintiff with a copy of this document.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 22nd day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge