UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


EIRINI ZAGKLARA,                )
                                )
          Plaintiff             )
                                )
v.                              )     No. 2:10-cv-445-GZS
                                )
SPRAGUE ENERGY CORP.,           )
                                )
          Defendant             )


**RECOMMENDED ORDER ON DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE**

On May 26, 2011, this court issued an order to show cause directed to the defendant, requiring it to show good cause in writing no later than June 9, 2011, why service of the third-party complaint on four prospective third-party defendants had not been made within 120 days of the filing of that pleading. Docket No. 25. The defendant has now responded to that order (Docket No. 30), and the matter has been referred to me for a recommended decision. For good cause shown, I recommend that the court extend the deadline *nunc pro tunc* for service upon the two third-party defendants that have now answered and grant an additional 120 days from the date of the order to show cause for service to be effectuated upon the third Greek entity. I further recommend that the court dismiss the third-party complaint against the last remaining entity because the defendant has failed to demonstrate good cause.

The four third-party defendants named by the defendant are Leopard Shipping, Nomikos Transworld Maritime, Armada Shipping Co., Inc., and Armada (Greece) Co., Ltd. Third Party Complaint (Docket No. 16) at 1. Since filing the third-party complaint, the defendant has served

1

Leopard and Nomikos, and pursued service on Armada (Greece), all of which are located in Athens, Greece, in the manner prescribed by the Hague Convention. Third Party Plaintiff Sprague Energy Corp.'s Memorandum of Law in Response to the Court's Order to Show Cause Regarding Service of the Third Party Complaint ("Response") (Docket No. 30) at 2; Declaration of Joanna F. Sandolo ("Sandolo Dec.") (Docket No. 30-1) ¶ 3.

Leopard Shipping and Nomikos Transworld Maritime entered their appearance and answered the defendant's third-party complaint on July 7, 2011. Docket No. 46. Armada (Greece) has not yet appeared, nor has the defendant filed an affidavit of service in its regard. *See* Docket generally.

Sprague contracted with Crowe Foreign Services to serve the three Greek entities in February 2011. Sandolo Dec. ¶ 4. The necessary paperwork and payment were submitted to Crowe in March 2011. *Id*. ¶ 5. Crowe submitted the papers to the Central Authority in Greece for service on April 12, 2011. *Id*. Sprague has been advised that service in Greece can take three months or more. *Id*.

As to the remaining prospective third-party defendant, Sprague attempted service on Armada Shipping at its address in Stamford, Connecticut, in early February 2011. *Id*. ¶ 6. The process server learned that Armada Shipping was no longer operating an office at that address, and Sprague has been unable to locate a new address for Armada Shipping. *Id*. The former president of Armada Shipping, Michael Beresford, was served at his home on February 12, 2011. *Id*. ¶ 7. On March 17, 2011, Beresford testified at deposition that Armada Shipping closed its office in February 2010. *Id*. ¶ 8. An attorney who appeared at the deposition on behalf of Armada Shipping has stated that he intended to challenge the service on Beresford. *Id*. No return of service on Beresford has been filed, nor has any challenge to that service.

With respect to Leopard and Nomikos, I recommend that the court extend the deadline for service of the third-party complaint on these entities *nunc pro tunc* until June 2, 2011, the date on which service was in fact accomplished. Docket Nos. 44, 45. With respect to Armada (Greece), I conclude that Sprague has shown good cause for the lack of service to date, and I recommend that the court extend the deadline for service of the third-party complaint on Armada (Greece) for 120 days from the order to show cause, or September 23, 2011.

With respect to Armada Shipping, however, it appears that Sprague has stopped trying to locate that entity and has not attempted to persuade this court that its service on Armada Shipping's former president is sufficient to deem Armada Shipping to have been served under the circumstances. Accordingly, I recommend that the court find that good cause has not been demonstrated for the delay in serving Armada Shipping, and that the third-party complaint be dismissed as to that entity.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*


Dated this 13th day of July, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge