UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EIRINI ZAGKLARA, individually and as personal representative of the estate of IOANNIS ZAGKLARA, <br><br> Plaintiff, <br><br> v. <br><br> SPRAGUE ENERGY CORP., <br><br> Defendant & Third Party Plaintiff, <br><br> v. <br><br> LEOPARD SHIPPING et al., <br><br> Third Party Defendants. | Docket no. 2:10-cv-445-GZS |

**REPORT OF PRETRIAL CONFERENCE AND ORDER**

A pretrial conference of the Court and counsel was held on Friday, October 5, 2012, at 3:00 p.m. Following that conference, the Court allowed the parties an opportunity to consider whether they wished to consent to the magistrate judge in order to have a set trial date for the upcoming trial in this matter. The Court set a deadline of 5 p.m. on October 9, 2012 for the parties to file any consent to the magistrate judge. No such consent having been filed, the Court hereby ORDERS that the parties engage in pretrial motion practice, as discussed at the conference, in order to streamline any trial of this matter. The motion practice shall proceed as follows:

With respect to the Defendant's *Daubert* Motion to Exclude Testimony by Paul Zorich (ECF No. 116), Plaintiff indicated she was prepared to file a response by October 22, 2012. Such a

response is within the default response deadline of October 23, 2012. The Court expects that Defendant will file any reply to this Motion in accordance with District of Maine Local Rule 7(c). Upon completion of this briefing, the Court will determine whether any hearing or oral argument is necessary.

As further discussed at the conference, no later than October 22, 2012, the Court expects Plaintiff to file pretrial motion(s) that address the following issues:

(1) "Choice of Law": To what extent are the legal determinations in this case governed by general maritime law versus Maine law, specifically, the Maine Wrongful Death Act? As discussed at the conference, this question may impact Plaintiff's loss of consortium claim, comparative negligence as well as application of the collateral source rule.

(2) Motion to Bifurcate: All parties indicated that the third party claims in this matter are to be tried by the Court. Plaintiff indicated that as a result she might seek to bifurcate the trial and/or seek to have Attorney Bass, as counsel to Third Party Defendants Lepoard Shipping and Nomikos Transworld Martime, excluded from participating in jury selection.

(3) Punitives: Plaintiffs shall indicate whether they are pursuing or dismissing the claims for punitive damages (Counts II & VI). If these claims are being pursued, the Motion shall lay out the factual basis for the claims and the law supporting such claims. Defendant's response to the motion shall include any request for bifurcating evidence that Defendant believes is relevant only to the issue of punitive damages.

Likewise, to the extent that Defendant indicated its desire to have the issue of spoliation resolved prior to trial, Defendant shall file a motion in limine no later than October 22, 2012. To the

extent Plaintiff objects to this motion, the response shall include a proffer of the evidence it plans to present in support of its request for a spoliation instruction regarding an alleged video taken the night of the accident.

To the extent the parties believe there are any additional legal issues the Court can resolve prior to a trial (which the parties' estimated would take eight days), the Court expects that all such issues will be queued up by way of a motion filed no later than October 22, 2012. All responses shall be filed no later than November 13, 2012. Replies are not necessary. However, any reply will be considered if it is filed no later than November 21, 2012.

In light of the Court's requested pretrial motion practice, the Court hereby ORDERS that this matter be removed from the Court's November trial list. This matter shall be placed on the Court's next available trial list after all pretrial motions are resolved. Upon placing this matter on a trial list, it will be re-set for a final pretrial conference to set all necessary trial deadlines. At that time, the parties need not re-file their previously filed pretrial memoranda. However, in accordance with Local Rule 16.4(b), any party may supplement the previously filed pretrial memoranda if there is any new or changed information that they wish to provide the Court.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 10th day of October, 2012.