## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| EIRINI ZAGKLARA, individually and as personal representative of the estate of IOANNIS ZAGKLARA, | ) ) ) |
| | ) |
| Plaintiff, | )   Docket no. 2:10-cv-445-GZS |
| | ) |
| v. | ) |
| | ) |
| SPRAGUE ENERGY CORP., | ) |
| | ) |
| Defendant & Third Party Plaintiff, | ) ) |
| | ) |
| v. | ) |
| | ) |
| LEOPARD SHIPPING et al., | ) |
| | ) |
| Third Party Defendants. | ) |

## ORDER ON MOTION TO BIFURCATE

Before the Court is Plaintiff's Motion to Bifurcate Trial (ECF No. 129).  Both Defendant Sprague Energy Corp. ("Defendant" or "Sprague") and Third Party Defendants Leopard Shipping Company Limited and A.M. Nomikos Transworld Maritime Agencies S.A. (together, "Ship Owners") filed responses in which they opposed bifurcating the bench trial of the third party claims from the jury trial of Plaintiff's claims (ECF Nos. 136 & 139).  In considering the issue of bifurcation, the Court  also recently has received the Ship Owners' Notice of Intent to File a Motion for Summary Judgment and Need for Pre-Filing Conference (ECF No. 149).

The Court initially notes that the Ship Owners' Response indicated that they do not wish to participate in jury selection or exercise any pre-emptory challenges.  Thus, to the extent that

1

Plaintiff's Motion sought to limit the Ship Owner's participation in jury selection, the Motion is GRANTED IN PART without objection.

In all other respects, the Motion to Bifurcate is DENIED. On the record presented, the Court does not believe that bifurcation would expedite or economize the resolution of this case. Likewise, the Court does not believe that Plaintiff will be prejudiced by a consolidated trial particularly where, as here, the third party claims will be decided by the Court rather than the jury. This denial is without prejudice to the extent that Sprague or the Ship Owners seek to present any particular witness or exhibit at trial and such witness or exhibit pertains solely to the third party claims and defenses. To the extent practicable, the Court is willing to consider receiving such evidence outside the hearing of the jury during trial in an effort to streamline the presentation of evidence to the jury. The parties shall confer and attempt to determine what, if any, evidence is relevant solely to the third party claims and be prepared to discuss the presentation of such evidence at the to-be-scheduled final pretrial conference.

On a somewhat related note, the Court will not schedule a Local Rule 56H Conference in response to the Ship Owner's January 2, 2013 Notice (ECF No. 149). Having reviewed the transcript of the October 5, 2012 Conference of Counsel, the issue of another round of summary judgment briefing was clearly discussed. However, counsel for Ship Owners clearly indicated that he understood that the third party claims were proceeding to trial. Following the Conference, the Court ordered that any legal issues that could be resolved prior to trial "be queued up by way of a motion filed no later than October 22, 2012." (Report of Pretrial Conference & Order (ECF No. 123) at 3.) Having failed to press the issue of summary judgment at the conference, having failed to file a motion or notice by October 22, 2012, and then having opposed bifurcation of the trial, the Court

2

believes the Ship Owners have forfeited any right to have this Court consider whether there is basis upon which they are entitled to judgment as a matter of law prior to any trial of the merits.  Thus, the Court would deny as untimely any summary judgment motion filed by the Third Party Defendants on or after January 2, 2013.

As briefly explained herein, Plaintiff's Motion to Bifurcate Trial is hereby GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 7th day of January, 2013.

3