UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EIRINI ZAGKLARA, individually and as personal representative of the estate of IOANNIS ZAGKLARAS, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Docket no. 2:10-cv-445-GZS |
| | ) | |
| v. | ) | |
| | ) | |
| SPRAGUE ENERGY CORP., | ) | |
| | ) | |
| Defendant & Third Party Plaintiff, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEOPARD SHIPPING et al., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

**ORDER ON MOTION TO EXCLUDE TESTIMONY OF PAUL ZORICH**

Before the Court is Defendant's Daubert Motion to Exclude the Testimony of Plaintiff's Expert, Paul Zorich, at Trial (ECF No. 116).  As explained herein, the Court hereby DENIES the Motion to Exclude WITHOUT PREJUDICE to Defendant renewing its objections pursuant to Rule 702 at trial.

**I.      LEGAL STANDARD**

Under Rule 702:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

F.R.E. 702.  In fulfilling its role as the gatekeeper of evidence that qualifies for admission under

Rule 702, the trial court is tasked with "mak[ing] certain that an expert, whether basing

testimony on professional studies or personal experience, employs in the courtroom the same

level of intellectual rigor that characterizes the practice of an expert in the relevant field."

Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).  It is the proponent of the

challenged expert who carries the burden of proof when an expert is the focus of the Rule 702

objection.  See, e.g., Thorndike v. DaimlerChrysler Corp., 266 F. Supp. 2d 172, 175 (D. Me.

2003).  As the First Circuit has explained:

> So long as an expert's scientific testimony rests upon 'good grounds,' based on
> what is known, it should be tested by the adversarial process, rather than excluded
> for fear that jurors will not be able to handle the scientific complexities. Vigorous
> cross-examination, presentation of contrary evidence, and careful instruction on
> the burden of proof are the traditional and appropriate means of attacking shaky
> but admissible evidence.

Milward v. Acuity Specialty Products Group, Inc., 639 F.3d 11, 15 (1st Cir. 2011) cert. denied,

132 S. Ct. 1002 (2012) (internal quotations and citations omitted).  With this standard in mind,

the Court considers whether Mr. Zorich, a civil engineer with specialized experience in cranes

and other lifting devices, should be allowed to testify at the upcoming jury trial in this matter.

## II.     DISCUSSION

Before addressing the Defendant's substantive objection to Mr. Zorich's testimony, the

Court first discusses Defendant's renewed argument that Mr. Zorich's testimony should be

excluded because his opinions were disclosed in an untimely manner earlier in this case.

The belatedness of Mr. Zorich's more detailed expert report was a topic thoroughly

discussed in the July 2, 2012 Memorandum Decision on Motion to Exclude Expert Report and

Recommended Decision on Summary Judgment (ECF No. 97), which was affirmed by this Court

on August 24, 2012 (ECF No. 108).  The Court incorporates that prior discussion without

repeating it in full in this Order.  As discussed in that prior decision, Plaintiff initially designated Zorich on May 27, 2011 but Defendant immediately objected that the initial designation was inadequate.  Plaintiff finally produced a more detailed expert report from Mr. Zorich on November 22, 2011 and attempted to use that report to defeat a motion for summary judgment that Defendant had previously filed on October 24, 2011.  Given this timing, the Court refused to consider the Zorich Report in connection with the motion for summary judgment.

In the Court's view, the legitimate concerns that prompted the exclusion of Zorich's November 2011 report do not provide any basis for excluding Zorich from testifying at a to-be-scheduled trial in 2013.  Rather, Defendant has had ample time to cure any prejudice from the delayed disclosures contained in the November 2011 report.[1]  Under these circumstances, the Court concludes that the delayed disclosure was harmless with respect to Defendant's ability to depose Mr. Zorich and prepare to cross-examine him at trial.

Turning to Rule 702, Defendant argues that Mr. Zorich's proffered testimony "lacks the indicia of reliability" required to assist the trier of fact.  (Def. Mot. (ECF No. 116) at 7.) Ultimately, Defendant objects to the factual basis of Mr. Zorich's testimony arguing that his opinion assumes movement of the crane caused the accident but "there is no evidence that the crane moved at the time of the accident." (Def. Mot. at 9.)  However, Plaintiff disputes this assertion.  Specifically, Plaintiff points to the deposition of Dwayne Grinnell as an eyewitness who claimed to have seen the crane at a 90-degree angle from the ship immediately after the accident.  (See, e.g., Grinnell Dep. (ECF 81-9) at Page ID # 622.)  Ultimately, the jury will need to weigh testimony of a number of individuals present at the scene, along with other evidence, to

---

[1] In fact, since the Court's decision on summary judgment, Plaintiff has offered to produce Mr. Zorich for deposition and cover all costs related to such a deposition.  (See 9/28/2012 email from D. Anderson to M. Savasuk and J. Bass (ECF No. 133-1).)  Defendant cannot claim prejudice from lack of an opportunity to depose the challenged expert given this offer.

determine whether the crane moved during the course of the accident.  If the jury were to credit the testimony of Mr. Rankin, the crane operator, the facts would not support the theory espoused by Mr. Zorich.  However, at this stage, the Court cannot determine which eyewitnesses and evidence the jury will credit in deciding how the crane was positioned immediately prior and immediately after the accident.  See, e.g., Crowe v. Marchand, 506 F.3d 13, 18 (1st Cir. 2007) ("Objections . . . which question the factual underpinnings of an expert's investigation, often go to the weight of the proffered testimony, not to its admissibility. As such, these matters are for the jury, not for the court. This is as it should be; the district court's gatekeeping function ought not to be confused with the jury's responsibility to separate wheat from chaff.") (citations and footnote omitted); Brown v. Wal–Mart Stores, Inc., 402 F. Supp. 2d 303, 308 (D. Me. 2005) ("As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. It is only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury [that] such testimony [must] be excluded on foundational grounds.") (citations and internal quotation marks omitted).  Likewise, the Court will not exclude Mr. Zorich from testifying based on Defendant's objection regarding the lack of measurements in the Zorich report, this is an issue that goes to the weight of his expert testimony and is readily probed via cross-examination.[2]  See, e.g., Brown, 303 F. Supp. 2d at 309.

At trial, the Court will require the factual basis for Mr. Zorich's theory to be admitted or at least shown to be admissible prior to allowing him to give his opinion before the jury.  However, on the current available record, the Court concludes that Mr. Zorich's proposed

---

[2] To the extent Defendant has objected to admission of Zorich's November 2011 Report, the Court does not anticipate actually admitting the Zorich Report for the truth of the opinions and factual assertions contained in the report.  See F.R.E. 801 & 802.  However, the parties are free to seek admission of the report if they believe that the report falls within some exception to the hearsay rules.  See F.R.E. 801(d) & 803.

5

testimony falls within Rule 702's limits.  Therefore, the Court DENIES Defendant's Daubert

Motion to Exclude the Testimony of Plaintiff's Expert, Paul Zorich, at Trial (ECF No. 116)

WITHOUT PREJUDICE to Defendant renewing its objections based on the factual record

developed at trial.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 15th day of January, 2013.