UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EIRINI ZAGKLARA, individually and as personal representative of the estate of IOANNIS ZAGKLARAS,<br><br>     Plaintiff,<br><br>v.<br><br>SPRAGUE ENERGY CORP.,<br><br>     Defendant & Third Party Plaintiff,<br><br>v.<br><br>LEOPARD SHIPPING et al.,<br><br>     Third Party Defendants. | Docket no. 2:10-cv-445-GZS |

**ORDER ON MOTION IN LIMINE**

Before the Court is Defendant's Motion in Limine (ECF No. 125), which seeks to exclude any reference, argument, or instruction related to an alleged spoliation of evidence. As explained herein, the Motion is GRANTED IN PART AND DENIED IN PART. This pretrial ruling is made without prejudice to Defendant renewing any specific objection during trial.

Defendant's Motion focuses on an alleged surveillance videotape that was taken as part of the security procedures at Sprague's Terminal the night of Plaintiff's accident. While Defendant admits that the videotape was reviewed by at least one Sprague employee after the accident, no steps were taken to preserve the video and, as a result, the video was overwritten pursuant to Sprague's standard procedures approximately 55 days after it was recorded. Plaintiff asserts that the video could have and should have been preserved and, that the failure to preserve

1

gives rise to an adverse inference.

Having reviewed all of the submissions associated with this Motion, the Court agrees with Defendant that Plaintiff should be precluded from mentioning any adverse inference or spoliation of the video in opening. Thus, all counsel are hereby instructed that they should avoid any mention of any alleged "destruction" of the surveillance videotape in their opening statements or arguing to the jury as to any inference that may be taken from the fact that the video is no longer available.

To the extent that the Motion seeks to exclude mention of any alleged spoliation during closing arguments, the Court agrees with Plaintiff that the Motion is premature. Likewise, the Court cannot now determine whether it may include any instruction regarding an adverse inference in its final jury instructions. However, the Court will not include any such mention of spoliation or adverse inferences in its preliminary instructions. During trial, Plaintiff is free to ask questions and introduce evidence that may provide an evidentiary basis for an adverse inference. See, e.g., Booker v. Mass. Dept. of Public Health, 612 F.3d 34, 46 (1st Cir. 2010) ("Before an adverse inference can arise, the sponsor of the inference must lay an evidentiary foundation, proffering evidence sufficient to show that the party who destroyed the document 'knew of (a) the claim (that is, the litigation or the potential for litigation), and (b) the document's potential relevance to that claim.'") (*quoting* Testa v. Wal-mart, Stores, Inc., 144 F.3d 173, 177 (1st Cir. 1998)). To the extent Plaintiff believes the evidence at trial will support spoliation of the surveillance video and wishes a final instruction containing an adverse inference for spoliation, the Court expects that Plaintiff will submit a proposed jury instruction for the Court's consideration. Defendant will have an opportunity to object to any proposed instruction during the jury charge conference after both sides have completed the presentation of evidence.

For reasons briefly explained, Defendant's Motion in Limine (ECF No. 125) is GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

                                                   /s/ George Z. Singal  
                                                 United States District Judge

Dated this 15th day of January, 2013.