## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| EIRINI ZAGKLARA, individually and as personal representative of the estate of IOANNIS ZAGKLARAS,<br><br>        Plaintiff,<br><br>v.<br><br>SPRAGUE ENERGY CORP.,<br><br>        Defendant & Third Party Plaintiff,<br><br>v.<br><br>LEOPARD SHIPPING et al.,<br><br>        Third Party Defendants. | Docket no. 2:10-cv-445-GZS |

## PROCEDURAL ORDER REGARDING COURTROOM PROTOCOL

Following the Court's April 4, 2013 Conference of Counsel and in an effort to ensure that the upcoming trial in this case proceeds in an efficient manner, the Court issues the following ORDERS and reminds counsel that failure to comply with the Court's pretrial orders may result in sanctions pursuant to Federal Rule of Civil Procedure 16(f).

**Trial Day**

The Court has reserved eight trial days. If at any time counsel believes that the trial will not be completed in the time allotted, that issue shall be brought to the Court's attention immediately.

The Court expects to start each trial day promptly at 8:30 a.m. Counsel shall make every effort to ensure that any issues that need to be heard outside the hearing of the jury are brought to the Court's attention after 2:30 p.m. each trial day. Unanticipated issues that arise after counsel leave the courthouse shall be brought the Court's attention promptly by way of a phone call or email to the case manager or via filing on the docket. The Court will make every effort to have conferences or hearings on any such issues at 8:00 a.m. before the trial day commences. Thus, counsel shall arrive at the courthouse by 8:00 a.m. each day unless they have confirmed with all opposing counsel that there are no issues that need to be addressed prior to the commencement of trial at 8:30 a.m.

Two fifteen minute breaks will be taken each day at approximately 10:30 a.m. and 12:30 p.m. Pursuant to counsel's request, on the first day of trial, the Court will endeavor to take the second break early at approximately 11:45 a.m.

### Opening Statements

Both Plaintiff and Defendant shall limit any opening statement to less than 40 minutes. The Court will provide a five minute warning. Counsel will be required to sit down five minutes after the warning is given.

The Court is not inclined to allow the Third Party Defendant to give an opening statement in front of the jury. If counsel for the Third Party Defendant still wishes to give an opening statement after Plaintiff and Defendant have opened, counsel shall request a sidebar conference.

All counsel are reminded that the Court's rules for opening statements are laid out with citation on the Court's website: http://www.med.uscourts.gov/jury-trial-information. The Court expects all counsel to review and follow these rules in connection with both their opening statements and closing arguments.

The Court expects that counsel will use the podium when presenting their opening statements and posing questions to witnesses.

### Witness Presentation

By agreement, all witnesses will be sequestered until they are finally excused.

In order to streamline the presentation of witnesses, counsel shall ensure that they are prepared to present their next witness as soon as the witness currently on the stand is excused. The Court does not anticipate allowing recesses between witnesses.

At the close of each trial day, counsel shall provide opposing counsel a list of all of the witnesses counsel intends to call the following day.

To the extent that Plaintiff's counsel has indicated that it will use an interpreter to present Plaintiff's testimony, Plaintiff's counsel shall inform the courtroom deputy when this testimony will take place in order to allow adequate time for arranging the placement of the interpreter and the testing of any needed sound equipment.

Counsel objecting to questions or exhibits are expected to stand and provide the basis for their objection in a concise manner with reference to the applicable rule of evidence. Speaking objections are not permitted.

### Exhibit Presentation

The Court expects that counsel will have reviewed all premarked exhibits. As a result, counsel are not required to show premarked exhibits to opposing counsel prior to showing them to a witness or moving for admission. The Court will admit without objection any exhibit listed on the joint exhibit list to which no objection was listed.

**Any and all exhibits must be admitted prior to being published to the jury.** If an exhibit has not been admitted, do not put it up on the screen.

4

At the end of each trial day, counsel shall confer with the courtroom deputy regarding exhibits. Counsel are required to ensure that a complete set of the exhibits mentioned or admitted each day are in the possession of the Court before leaving the courthouse each trial day.

The Court expects that local counsel will be present for all proceedings.

SO ORDERED.

/s/ George Z. Singal<br>United States District Judge

Dated this 5th day of April, 2013.